UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ESTELLE GRIMES, et al.,

           Plaintiffs,

           v.

AT&T Corp., et al.,
           Defendants.

Civ. No. 15-8466 (KM) (MAH)

**MEMORANDUM & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

    Defendants Asbestos Corporation Limited ("ACL") and Bell Asbestos Mines, LTD. ("Bell")[1] (collectively, "defendants") have filed motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons stated below, the motions are DENIED as presented because limited jurisdictional discovery is required. When such discovery is completed, the motion may be renewed.

**I.    ALLEGATIONS OF THE AMENDED COMPLAINT**

    The following facts are taken from the amended complaint. They are assumed true for the purposes of this memorandum only.

    Thomas Grimes died of mesothelioma, a cancer caused by exposure to asbestos, on July 30, 2015. ACL and Bell "mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed" the "asbestos or asbestos-containing products" to which the deceased was exposed while serving in the United States Navy and working as a cable twister for Western Electric, Inc. (Amend. Compl. ¶¶ 1-4; ECF Nos. 98, 101)

---

[1] There are over 20 other named defendants. "Defendants" as used herein, unless otherwise specified, refers only to ACL and Bell.

1

On October 28, 2015, his widow, Estelle Grimes, brought suit against defendants and numerous other corporations who also mined, sold, or distributed asbestos in New Jersey state court. On December 1, 2015, her case was removed from state to federal court.[2] Grimes amended her complaint on August 1, 2016. ACL and Bell filed mirror-image motions to dismiss for lack of personal jurisdiction on August 4, 2016.

---

[2] Jurisdiction is based on Section § 1442(a)(1) of Title 28 of the United States Code, which allows federal officers or persons "acting under" a federal officer to remove to federal court so long as they have a "colorable" federal defense. *See, e.g. Mesa v. California*, 489 U.S. 121, 129 (1989). This is an exception to the well-pleaded complaint rule. *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999) ("Suits against federal officers are exceptional . . . . Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law.") Here, defendant Crane Corp. ("Crane")—who does not join in Bell and ACL's motion to dismiss—asserts that it can avail itself a government contractor defense. *See Boyle v. United Techs Corp.*, 487 U.S. 500 (1988).

To support that defense (and by extension federal jurisdiction), Crane offers the affidavits of retired Rear Admiral David P. Sargent, Jr., Anthony D. Pantaleoni, the Vice President of Environment, Health and Safety Co., and Dr. Samuel Forman M.D., alongside its removal motion. (*See* ECF No. 1) These affidavits suggest that (1) Crane manufactured its products in accordance with the precise specifications approved by the Navy; (2) the Navy reviewed and approved the warnings, labels, and safety manuals that accompanied Crane's products; and (3) the Navy possessed at least as much knowledge regarding the hazards of asbestos as Crane.

Although no party has (yet) challenged Crane's claim to a governmental contractor defense, I am mindful that the Court has an "independent obligation to satisfy themselves of jurisdiction when it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 247 F.3d 72, 76-77 (3d Cir. 2003). At this early stage, I have no such doubt; Crane has presented sufficient evidence to establish a colorable federal defense for the purposes of federal court jurisdiction. *Leite v. Crane Co.*, 749 F.3d 117, 1123 (9th Cir. 2014) (finding that Crane established a colorable claim based on a similar evidentiary showing); *Cuomo v. Crane*, 771 F.3d 113, 116-17 (2d Cir. 2014) (same).

2

## II. DISCUSSION

### A. Standard

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), the court must still examine any evidence presented with regard to disputed factual allegations. See, e.g., *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155-56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction; "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. Id. at 415 n. 9. The defendant's "contacts need not relate to the subject matter of the litigation," *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004), but must rise to "a 'very high threshold of business activity.'" Id. at 633 (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 (3d Cir. 1981)). The facts required to establish sufficient contacts for

3

general jurisdiction must be extensive and persuasive. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). In other words, the plaintiff must demonstrate "significantly more than minimum contacts." *Provident Nat'l Bank*, 819 F.2d at 437.

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiff's claims. Establishing specific jurisdiction involves a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy minimum contacts if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n. 18.

**B.  Analysis**

In support of its motion to dismiss, Bell and ACL submit identical declarations from Richard Dufour, Counsel for ACL and Bell.[3] Dufour states that (1) defendants are Canadian corporations not registered to do business in New Jersey; (2) that they do not have appointed agents, offices, facilities, or bank accounts in New Jersey; (3) that they have never received mail or telephone calls in New Jersey; (4) that they have never initiated any lawsuit in New Jersey, and (5) that "all sales of asbestos were made F.O.B.,[4] Thetford

---

[3]  Both declarations predate Grimes's complaint by nearly five years. (Jeremiah Decls. Exs. H, ECF. Nos. 99, 100)

[4]  "F.O.B., or 'free on board,' is a mercantile term that means that the seller must deliver the goods to a named vessel and that the seller bears the risk of loss up until the point of delivery." *Am Estates Wines, Inc., Kreglinger Wine Estates Pty., LTD*, Civ.

4

Mines, Quebec, Canada." (*See* Jeremiah Decls. Exs. H, ECF. Nos. 99, 100). Grimes counters that this argument "has been rejected each and every time it has been proffered in the State of New Jersey." (Pl. Oppo. Br. 4, ECF No. 104). Grimes specifically points to one unpublished New Jersey appellate court opinion involving ACL and three New Jersey trial court orders denying a motion to dismiss for lack of personal jurisdiction filed by either ACL or Bell. (Geier Decl. Exs. A-B, ECF No. 104-1)

These authorities, however persuasive, fail to shore up the factual gaps in Grimes's pleading. The orders, for example, do not explicate the facts and legal reasoning on why they rely. The appellate decision, *Buttitta v. Allied Signal, Inc.*, largely defers to an unreported (and, despite this Court's best efforts, undiscoverable) opinion of this Court from 1976, from which it quotes:

> It seems without question that *in personam* jurisdiction exists with respect to all the defendants . . . at least to the extent that they may be held liable for any damages proven to be the result of their placing asbestos into the stream of commerce in New Jersey. Notwithstanding the fact that all sales were made FOB Canada, each defendant knew or should have known that their product would be utilized in New Jersey, as evidenced by their methods of shipment and billing procedures. Thus . . . it is well within the . . . 'permissible limit of due process' to require these defendants to defend themselves against this action by a New Jersey corporation's employees for alleged wrongs arising out of their shipment of asbestos into this forum.

Dkt. No. A-5263-07T1, A-5268-07T1, 2010 N.J. Super. Unpub. Lexis 703, at *58 (N.J. Sup. Ct. App. Div. Apr. 2010) (citing *Austin v. Johns-Manville Prods. Corp.*, No. 75-754 (D.N.J. Dec. 1, 1976).[5] In short, I do not have—although it is

---

No. 07-2474, 2008 U.S. Dist. Lexis. 23494, at *4 n. 2 (D.N.J. Mar. 25, 2008) (citing *Black's Law Dictionary*).

[5]  Apparently this Court has denied a motion to dismiss for lack of personal jurisdiction made by either ACL or Bell on at least two other occasions, *Argeskie, et. al., v. Johns-Manville Products Corp, et al.*, Civ. No. 76-735, and *Alessi, et. al. v. Johns-*

clear that they exist—the facts (*i.e.*, the billing and shipping methods and procedures) on which at least the *Buttitta* court based its conclusion that ACL or Bell reasonably knew or should have known that their asbestos would end up in New Jersey.[6]

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc., Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). Grimes's allegations here are clearly not frivolous.[7] Indeed, while somewhat vague, Grimes has submitted deposition testimony taken in the *Austin v. Johns-Manville* case in which the then-Vice President and Secretary of ACL testified that he dealt with the "Johns Manville plant" in "Manville, New Jersey" on a "direct basis." (Geier Decl. Ex. C)

Accordingly, I will not grant the motion to dismiss based on lack of personal jurisdiction, but will deny it, subject to renewal after some limited discovery directed towards the jurisdictional issues. I note that most, if not all, of the information pertinent to this issue presumably would be in ACL or Bell's control, and Grimes should have a fair opportunity to test defendants' oft-

---

*Manville Products, Inc.*, Civ. No. 76-1817. The Court has been unable to locate a record of either decision.

[6] Grimes does not argue that these authorities preclude or estop ACL or Bell from litigating the issue of personal jurisdiction in New Jersey. *See, e.g.*, Wright & Miller, 17 Fed. Prac. & Proc. § 4416 (3rd ed) (summarizing that "issue preclusion arises in a second action on the basis of a prior decision when the same 'issue' is involved in both actions [and] the issue was 'actually litigated' in the first action, after a full and fair opportunity for litigation, the issue was 'actually decided' in the first action, by a disposition that is sufficiently 'final,' 'on the merits,' and 'valid.'").

[7] In addition to the New Jersey authorities discussed above, I note that Bell and ACL have filed—and uniformly lost—this exact motion in a number of federal courts across the country. *See, e.g., Morris v. Asbestos Corp.*, 662 F. Supp. 930 (S.D. Ind. 1986); *Almond v. Asbestos Corp.*, No. 86-0945, 1986 U.S. Dist. Lexis. 17106, at *4 (E.D. Pa. Dec. 1, 1986) (collecting over twenty motions filed in the Eastern District of Pennsylvania alone); *Hover v. Asbestos Corp.*, 678 F. Supp. 370 (D. Conn. 1986); *Smith v. GAF Corp.*, 583 F. Supp. 1101 (S.D. Ohio 1984).

asserted claims of lack of personal jurisdiction. Given the frequency with which ACL and Bell have litigated this issue in this and other courts, discovery concerning defendants' contacts with New Jersey should be easy to find. Such discovery in any case must be focused on the existence, or not, of ties to New Jersey that would justify the exercise of personal jurisdiction.

## ORDER

**THIS MATTER** having been opened to the Court by defendants Bell Asbestos Mines, LTD. and Asbestos Corporation Limited's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (ECF Nos. 99 and 100); and plaintiffs Estelle Grimes, Individually and as Administrator for the Estate of Thomas Grimes, and as Individual Heirs of the Estate of Estelle Grimes, having filed oppositions, (ECF Nos. 103, 104); and the Court having reviewed the submissions and come to a decision without oral argument, see L. Civ. R. 9.1(f); for good cause shown;

**IT IS** this 9th day of January, 2016

**ORDERED** that defendants' motions to dismiss for lack of personal jurisdiction are **DENIED** without prejudice subject to renewal pending the completion of limited jurisdictional discovery as outlined above.

_____
**KEVIN MCNULTY**
**United States District Judge**